ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 2 8 2009 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------X
5 PLUS 7 INC. and CHRISTOPHER CARDILLO
a/k/a CS CARDILLO,

       Plaintiffs,

    -against-

BRITISH BROADCASTING CORPORATION,
BBC WORLDWIDE PRODUCTIONS,
BBC WORLDWIDE AMERICAS, INC.,
NBC UNIVERSAL, INC., PATRICK YOUNGE,
TRAVEL MEDIA INC. d/b/a THE TRAVEL CHANNEL
and/or d/b/a TRAVELCHANNEL.COM and
COX COMMUNICATIONS INC.,

      Defendants.
------------------------------------------X

Civil Action No.

**VERIFIED COMPLAINT**

**DEMAND FOR JURY TRIAL**

**09   2255**

**IRIZARRY, J.**

**J. ORENSTEIN, M.J.**

    Plaintiffs 5 PLUS 7 INC. and Plaintiffs CHRISTOPHER CARDILLO a/k/a CS CARDILLO (hereinafter collectively "Plaintiffs") by their attorneys CARDILLO LAW, P.C., as and for their Verified Complaint against the Defendants, set forth and allege upon information and belief as follows:

## I. Nature Of This Action

1. This is an action to recover damages for breach of contract, negligence, fraud, wire fraud and RICO civil claims, copyright infringement and an order regarding a screen credit "created by" for a television and/or cable television show entailed "The Great American Road Trip", for which Plaintiffs submitted the underlying idea for said show on or about March 19, 2008.

## II. Parties

2. Plaintiffs CHRISTOPHER CARDILLO a/k/a CS CARDILLO is a resident of the State of New York, County of Kings.

3. Plaintiffs 5 PLUS 7 INC. is a corporation duly organized and existing pursuant to the laws of the State of Florida.

4. At all times hereinafter mentioned the Defendant NBC UNIVERSAL, INC. (hereinafter "Defendant NBC") was a Delaware corporation doing business in New York and/or with offices in New York.

5. At all times hereinafter mentioned the Defendant NBC was a Delaware corporation licensed to do business as a Foreign Business Corporation in the State of New York and/or with offices in New York.

6. At all times hereinafter mentioned the Defendant BRITISH BORADCASTING CORPORPATION was a foreign corporation doing business in New York and/or with offices in New York.

7. At all times hereinafter mentioned the Defendant BBC WORLDWIDE PRODUCTIONS was a corporation doing business in New York and/or with offices in New York.

8. At all times hereinafter mentioned the Defendant BBC WORLDWIDE AMERICAS, INC. was a Delaware corporation doing business in New York and/or with offices in New York.

9. At all times hereinafter mentioned the Defendant BBC WORLDWIDE AMERICAS, INC. was a Delaware corporation doing business in New York and/or with offices in New York.

10. At all times hereinafter mentioned the Defendant BBC WORLDWIDE AMERICAS, INC. was a foreign corporation licensed to do business as a Foreign Business Corporation in the State of New York and/or with offices in New York.

11. At all times hereinafter mentioned the Defendant BBC WORLDWIDE PRODUCTIONS was a wholly-owned subsidiary and/or commercial arm of the Defendant BRITISH BROADCASTING CORPORATION.

12. At all times hereinafter mentioned, the defendants BRITISH BORADCASTING CORPORPATION and BBC WORLDWIDE PRODUCTIONS and BBC WORLDWIDE AMERICAS, INC. (hereinafter individually and collectively "Defendants BBC") jointly, in conjunction with one another, as a whole and/or in their individual capacities, were engaged in the production and/or development and/or creation and/or distribution of television programming and/or cable programming.

13. At all times hereinafter mentioned, the Defendant NBC was engaged in the production and/or development and/or creation and/or distribution of television programming and/or cable programming.

14. At all times hereinafter mentioned the Defendant COX COMMUNICATIONS INC. (hereinafter the Defendant "COX") was a corporation organized and existing under the laws of the State of Delaware.

15. At all times hereinafter mentioned the Defendant TRAVEL MEDIA INC. (hereinafter the "Defendant TRAVEL") was a corporation organized and existing under the laws of the State of Delaware.

16. At all times hereinafter mentioned the Defendant TRAVEL MEDIA INC was a business unit of the Defendant COX.

17. At all times hereinafter mentioned the Defendant TRAVEL MEDIA

INC. was the wholly-owned subsidiary of the Defendant COX.

18. At all times hereinafter mentioned, the defendants COX and/or TRAVEL jointly, in conjunction with one another, as a whole and/or in their individual capacities, were engaged in the production and/or development and/or creation and/or distribution or television programming and/or cable programming.

19. At all times hereinafter mentioned the Defendant TRAVEL was doing business as "The Travel Channel" and/or "TravelChannel.com".

20. At all times hereinafter mentioned the Defendant TRAVEL owned, operated, controlled and maintained the web sites and/or Internet address www.travelchannel.com.

21. At all times hereinafter mentioned the Defendant TRAVEL owned, operated, controlled and maintained the web sites and/or Internet address www.producerspassport.travelchannel.com.

22. At all times hereinafter mentioned the Defendant PATRICK YOUNGE (hereinafter "YOUNGE") was the president of and/or employed as management for (and with) the Defendant TRAVEL.

23. At all times hereinafter mentioned the Defendant YOUNGE was the president of or employed as management for (and with) the Defendant COX.

24. At all times hereinafter mentioned the Defendant YOUNGE was a resident of Washington DC.

### III. Jurisdiction and Venue

25. This Court has jurisdiction over this action and over the parties. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331

and/or 28 U.S.C. § 1332 and common law and as this is an action for copyright infringement, which arises under the Copyright Laws of the United States, Title 17, United States Code, jurisdiction is proper pursuant to 28 U.S.C. 1338.

26.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391 (C) because one or more of the defendants are licensed to do business within the State of New York as Foreign Business Corporations and all of the defendants have a sufficient nexus and/or contacts with the State of New York.

## IV. As And For A First Cause Of Action for Breach of Contract  As Against The Defendant COX And The Defendant TRAVEL

27.  The plaintiffs repeat and reallege each and every allegation herein above as if set forth hereinafter at length.

28.  That the Defendant TRAVEL maintained a web site for the specific purpose of soliciting ideas for televisions shows.

29.  That the Defendant TRAVEL maintained a web site for the specific purpose of soliciting ideas for televisions shows located a Internet address www.producerspassport.travelchannel.com.

30.  That the terms required for submission of television programming and/or cable television programming ideas on the above listed web sites are unconscionable and unenforceable at law.

31.  At all times herein mentioned the Defendant TRAVEL did actively solicit ideas for Television Shows and/or Cable Shows and/or television programming ideas from the general public and/or producers, including but not limited to the Plaintiffs herein.

32.  At all times herein mentioned the Defendant TRAVEL did actively solicit ideas for Television Shows and/or Cable Shows and /or television programming ideas from the general public, including but not limited to the Plaintiffs herein and maintained a web site for the specific purpose of soliciting ideas for televisions shows located a Internet address www.travelchannel.com and/or www.travelchannel.com/About/About Us.

33.  That the Defendant TRAVEL solicited ideas through the aforesaid web sites and Internet addresses from the general public and producers, including but not limited to the Plaintiffs herein.

34.  That the aforementioned solicitation was an "offer" as that term is legally defined in contract law.

35.  That the Plaintiffs did submit an idea for television programming and/or a cable and/or television show to the Defendant TRAVEL.

36.  That on or about March 19, 2008 the Plaintiffs did submit an idea for a cable and/or television show to the Defendant TRAVEL through the aforementioned Internet address and/or addresses and/or web site and/or web sites.

37.  That on or about March 19, 2008 the Plaintiffs did submit an idea (hereinafter referred to as the "Idea") for a cable and/or television show to the Defendant TRAVEL through the aforementioned Internet address and/or addresses and/or web site and/or web sites as follows:

"We follow a family of four (36 yo male attorney, 30 yo former high fashion model, and their two dynamic young girls 7 and 5) as they drive from NYC to the tip of South America in a Winnebago. The show focuses on the places they see, the people they meet, and the changes in who they are and the family dynamic'

38. That the submission of the Idea by the Plaintiffs was an "acceptance" of the above "offer", as that term is defined in contract law.

39. That the submitted Idea was saved on the web site owned and operated by the Defendant TRAVEL at www.producerspassport.travelchannel.com. and identifies the Plaintiffs 5 Plus 7, Inc. as the entity from which the Idea originated (Exhibit "A" hereto).

40. As a result of all of the foregoing there was a written contract formed between the Defendants TRAVEL and the Plaintiffs.

41. As a result of all of the foregoing there was an implied contract formed between the Defendants TRAVEL and the Plaintiffs.

42. As a result of all of the foregoing a contract was formed by the solicitation of the Idea by the Defendant TRAVEL and the submission of the Idea by the Plaintiffs.

43. As a result of all of the foregoing there was an implied and/or actual promise by the Defendant TRAVEL to refrain from using the Idea without negotiating a fair and reasonable amount of

compensation to be paid for same.

44.  As a result of all of the foregoing there was an implied and/or actual promise by the Defendant TRAVEL to refrain from using the Idea without providing Plaintiffs with a screen credit for same.

45.  At the time the Idea was submitted to the Defendant TRAVEL, the Defendant TRAVEL knew and/or understood and/or agreed that the Plaintiffs expected to be, and would be, both compensated and would receive a screen credit if the Idea was used in the creation and/or development and/or production of a television show and/or cable show and/or any other created materials based upon the Idea.

46.  As a result of all of the foregoing there was an implied-in-fact contract between Plaintiffs and the Defendant TRVEL such that the Defendant TRAVEL implicitly agreed to pay Plaintiffs the reasonable value of the Idea.

47.  As a result of all of the foregoing there was an implied-in-fact contract between Plaintiffs and the Defendant TRVEL such that the Defendant TRAVEL implicitly agreed to pay Plaintiffs the reasonable value of the Idea and give Plaintiffs an appropriate screen credit if the Idea was to be used to create and/or produce and/or distribute television show and/or cable show and/or any other created materials based upon the Idea.

48.  There was an implied and/or actual promise by the Defendant TRAVEL Idea and/or copyrighted material without compensation.

49.  There was an implied and/or actual promise by the Defendant TRAVEL to refrain from using the Idea without a proper screen

credit.

50.  As a result of all of the foregoing, the Defendant YOUNGE and/or the Defendant TRAVEL did become aware of the Idea.

51.  That the Defendant YOUNGE and the Defendant TRAVEL did become aware of the Idea as a direct result of the submission of the Idea via the aforementioned Internet address and/or addresses and/or web site and/or web sites.

52.  That the President of TRAVEL, the Defendant YOUNGE, did have a previous business relationship with the Defendant BBC.

53.  That the Defendant YOUNGE was a former employee of the Defendant BBC and/or its subsidiaries, and founding editor of the Defendant BBC's Black Britain.

54.  That on or about the years 1994 to 1999 the Defendant YOUNGE was an employee of the BBC NEWS a subsidiary of the Defendants BBC.

55.  That on or about the years 2001 to 2005 the Defendant YOUNGE was an employee of the BBC SPORT a subsidiary of the Defendants BBC.

56.  That at all times herein mentioned, the Defendant YOUNGE had associations and/or connections and/or an ongoing business relationship with the Defendants BBC and/or it's with employees and/or management of the Defendants BBC.

57.  That the Defendant TRAVEL and/or the Defendant YOUNGE did, through the above mentioned solicitation from the Plaintiffs, become aware of the Idea.

58.  That the Defendant TRAVEL and/or the Defendant YOUNGE, through their associations and/or connections with the Defendants BBC,

it's employees and/or management, was thereby able to and did disclose the Idea to the Defendant BBC.

59. That the Defendant TRAVEL and/or the Defendant YOUNGE, through their associations and connections with the Defendants BBC did in fact disclose the Idea to the Defendant BBC.

60. That the Defendant TRAVEL, its employees, and/or its agents disclosed the Idea to the Defendant BBC.

61. That the Defendants BBC did disclose the aforementioned solicited Idea to the Defendant NBC.

62. The Defendants BBC did sell the aforementioned solicited Idea to the Defendant NBC.

63. The Defendants BBC did sell and/or contract with the Defendant NBC with regard specifically to the Idea.

64. The Defendant BBC did sell and/or contract with the Defendants NBC with regard specifically to the Idea such that the Defendant BBC was compensated for the Idea, either presently or will be compensated in the future.

65. That the Idea was produced, is being produced, or will be produced as a show entitled "The Great American Road Trip "by the Defendant NBC and/or the Defendant BBC.

66. That the show entitled "The Great American Road Trip" is being created and/or produced and/or is currently being created and/or produced by the Defendants BBC and/or the Defendant NBC.

67. That the show entitled "The Great American Road Trip" was based upon the Idea.

68.  That the Idea was used in the creation and/or development and/or production of a television show and/or cable show and/or any created materials entitled "The Great American Road Trip".

69.  That the Idea was used or will be used in the creation and/or development and/or production and/or distribution of a television show and/or cable show and/or any created materials entitled "The Great American Road Trip".

70.  "The Great American Road Trip" has been created and/or produced, and/or is being created and/or is being produced and/or is currently being produced.

71.  "The Great American Road Trip" will be distributed to the general public by the broadcasting avenues owned, operated and maintained by the Defendant NBC.

72.  "The Great American Road Trip" is being created and/or produced and/or will be created and/or produced and distributed to the general public by the Defendant NBC.

73.  "The Great American Road Trip" is being created and/or produced and/or will be created and/or produced and distributed to the general public by the Defendants BBC.

74.  That any changes to the Idea in the actual format, content or delivery of the proposed show entitled "The Great American Road Trip" did not materially alter the Idea.

75.  That the Defendant NBC has purchased the Idea from the Defendant BBC.

76.  That the Defendants BBC and/or the Defendant NBC will or are

producing a cable and/or television show entitled "The Great America Road Trip".

77. That the Defendants, YOUNGE and/or TRAVEL and/or BBC and/or NBC have used and will use the Idea in producing a cable and/or television show entitled "The Great America Road Trip".

78. That the cable and/or television show entitled "The Great America Road Trip" is based upon the Idea.

79. That as a result of all of the foregoing the Defendant COX and/or the Defendant YOUNGE and/or the Defendant TRAVEL and/or the Defendant BBC and/or Defendant NBC shall or will earn profits, compensation, royalties and other monetary rewards and benefits.

80. As a result of all of the foregoing, the Plaintiffs have been damaged in a sum equal to the fair and reasonable value of the Idea.

81. As a result of all of the foregoing the Plaintiffs have been damaged in a sum equal to the fair and reasonable value of the Idea as created developed and distributed in to a cable and/or television show entitled "The Great America Road Trip".

82. As a result of all of the foregoing the Plaintiffs have been damaged in a sum to be determined at the trial of this matter, but in no event less than the jurisdictional limits of this court under diversity jurisdiction.

## V. As And For A Second Cause of Action In Negligence As Against The Defendants BBC

83. The plaintiffs repeat and reallege each and every allegation

herein above as if set forth hereinafter at length.

84.   The   Defendant   BBC   knew   that   the   Defendant   YOUNGE   was   the
president of the Defendant TRAVEL.

85.   That the Defendant BBC had actual knowledge that the Defendant
Travel   solicited   ideas   for   programming   and/or   television   shows
and/or   cable   television   shows   from   producers   and   the   general
public.

86.   That   the   Defendant   BBC   should   have   known   that   the   Defendant
Travel   solicited   ideas   for   programming   and/or   television   shows
and/or   cable   television   shows   from   producers   and   the   general
public.

87.   That the Defendant BBC had actual knowledge that the Defendant
Travel   solicited   ideas   for   programming   and/or   television   shows
and/or   cable   television   shows   from   producers   and   the   general
public.

88.   That   the   Defendant   BBC   should   have   known   that   the   Defendant
Travel   solicited   ideas   for   programming   and/or   television   shows
and/or   cable   television   shows   from   producers   and   the   general
public.

89.   That the Defendant BBC knew or should have known that any ideas
for   programming   and/or   television   shows   and/or   cable   television
shows   which   originated   from   the   Defendant   TRAVEL   and/or   the
Defendant   YOUNGE   may   have   been   based   upon   solicitations   made
through the Defendant TRAVEL.

90.   That   the   Defendant   BBC   should   have   made   inquiry   and/or   had   a

duty to make inquiry in to the sources of any television programming ideas and/or cable television programming ideas that originated from the Defendant TRAVEL and/or the Defendant YOUNGE.

91. That the Defendants BBC were negligent in accepting, producing, and creating a television show entitled "The Great American Road Trip" without inquiring as to the actual source of the underlying idea for same.

92. But for the acceptance of the Idea, the sale of the Idea to NBC, and the acts and omissions of the Defendants BBC the Plaintiffs would not have been damaged.

93. As a result of all of the foregoing the Defendants BBC were negligent.

94. As a result of all of the foregoing, the Plaintiffs have been damaged in a sum equal to the fair and reasonable value of the Idea.

95. As a result of all of the foregoing the Plaintiffs have been damaged in a sum equal to the fair and reasonable value of the Idea as created developed and distributed.

96. As a result of all of the foregoing the Plaintiffs have been damaged in a sum to be determined at the trial of this matter, but in no event less than the jurisdictional limits of this court under diversity jurisdiction.

97. As a result of all of the foregoing the Plaintiffs have been damaged in a sum to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present

and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip".

## VI. As And For A Third Cause Of Action As Against All Defendants for Conversion and Unjust Enrichment

98.  The plaintiffs repeat and reallege each and every allegation herein above as if set forth hereinafter at length.

99.  But for the submission of the Idea by the Plaintiffs, the Defendant COX and/or the Defendant YOUNGE and/or the Defendant TRAVEL and/or the Defendant BBC and/or Defendant NBC would not have earned nor would they or will they earn profits, compensation, royalties and other monetary rewards and benefits from the television show and/or cable television show entitled "The Great American Road Trip".

100. That the creation of the television and/or cable television show "The Great American Road Trip" and the use of the Idea was made without any compensation paid to the Plaintiffs and without such compensation will constitute unjust enrichment to the defendants.

101. Use of the Idea in the creation of the television and/or cable television show "The Great American Road Trip" constituted conversion of the Plaintiffs property and resulted in the defendants being unjustly enriched.

102. That by reason of all of the foregoing the defendants have been unjustly enriched in the sum equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits

(all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip".

103. As a result of all of the foregoing the Plaintiffs have been damaged in a sum to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip".

## VII. As and For a Fourth Cause of Action for Common Law Fraud As

### Against the Defendant TRAVEL and the Defendant YOUNGE

104. The plaintiffs repeat and reallege each and every allegation herein above as if set forth hereinafter at length.

105. That the sole purpose of the web sites above listed was for the solicitation of television or cable television programming ideas without any real intent to compensate the submitters of those ideas.

106. That above web sites were set up specifically as trap and/or net for ideas without any intention of providing compensation to any parties submitting television and/or cable television ideas, whether or not those ideas were used in the production of television and/or cable television productions or shows by the Defendant TRAVEL and/or Defendant YOUNGE.

107. That at all times the Defendant TRAVEL and/or the Defendant YOUNGE were aware that any television and/or cable television ideas submitted to the by means of the above listed web sites were

to be used without any compensation of to be provided to those parties submitting said television and/or cable television ideas.

108. Upon information and belief, there has been no compensation nor thing of value given to any party, producer, submitter or, including but not limited to the Plaintiffs herein, for television and/or cable television programming ideas submitted through the above listed web sites.

109. Upon information and belief, that the Defendant TRAVEL and/or the Defendant YOUNGE intentionally mislead the general public, producers, and persons submitting television and/or cable television programming ideas trough the above listed web sites, including but not limited to the Plaintiffs herein, by making false representations that there was a potential for compensation for said submissions.

110. That the web sites were set up with the intent to defraud the general public, producers, including but not limited to the Plaintiffs herein, in to submitting ideas which would be used by the Defendant TRAVEL and/or the Defendant YOUNE and/or shared or sold or given as beneficial good will to third parties (including but not limited to the Defendants BBC herein), without any intention of compensating the parties submitting said ideas.

111. That the terms and conditions of the submissions of television and/or cable television programming ideas to the above web sites is evidentiary proof that the Defendant Travel and/or the Defendant YOUNGE had no intention of compensating any parties for

the submissions of television and/or cable television programming ideas.

112. That the terms of submission of television and/or cable television programming ideas for the above listed web sites are unconscionable and unenforceable at law.

113. As a result of all of the foregoing the Plaintiffs were defrauded in to submitting the Idea.

114. As a result of all of the foregoing the Plaintiffs are entitled to punitive damages in an amount to be determined at the trail of this matter.

115. As a result of all of the foregoing, the Plaintiffs are entitled to the actual value of the idea submitted to the Defendant TRAVEL and/or the Defendant YOUNGE as to be determined at the trial of this matter.

116. As a result of all of the foregoing the Plaintiffs have been damaged in a sum to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip".

## VIII. As and For a Fifth Cause of Action under 18 U.S.C. 1343 and 1961 As Against the Defendant TRAVEL and the Defendant YOUNGE

117. The plaintiffs repeat and reallege each and every allegation herein above as if set forth hereinafter at length.

118. Upon information and belief the Travel Channel solicits ideas

with the express intention of creating shows and not compensating those parties that submitted the ideas.

119. Upon information and belief there have been no parties compensated for any submissions of ideas to the Defendant TRAVEL and the Defendant YOUNGE.

120. The provisions of 18 U.S.C. 1961 et seq. (the RICO Act) provide civil and criminal liability for persons engaged in "a pattern of racketeering activity".

121. That under 18 U.S.C. 1343 (wire fraud)a scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises by means of wire communication in interstate or foreign commerce for purpose of executing scheme or artifice

122. Upon information and belief the web sites and/or Internet sites and/or web addresses set up, operated by, maintained for the solicitation of television programming ideas and/or cable television programming ideas were set up specifically to defraud parties interested in submitting ideas for television programming and/or cable television programming.

123. That there was an intentionally false and implicit promise to compensate parties submitting ideas as set forth herein.

124. That all of the foregoing constituted a "scheme to defraud".

125. That the attempts by the Defendant TRAVEL and the Defendant YOUNGE constituted a pattern of racketeering activity within the meaning of 18 U.S.C. 1961.

126. That the Defendant TRAVEL and/or the Defendant YOUNGE voluntarily and intentionally devised or participated in said scheme to defraud persons submitting ideas of which said ideas have a a tangible and implicit monetary value.

127. That the Defendant TRAVEL and/or the Defendant YOUNGE voluntarily and intentionally devised or participated in said scheme to defraud persons submitting ideas with the intent to defraud said parties.

128. That it was reasonably foreseeable that interstate wire communications would be used in said scheme to defraud as an Internet web site and or Internet address was used as set forth above.

129. That interstate wire communications were in fact used in said scheme to defraud.

130. Defendant TRAVEL and/or Defendant YOUNGE engaged in a pattern of racketeering activity.

131. The underlying predicate act of the aforesaid racketeering was wire fraud and/or Internet fraud.

132. The above activities of the Defendant TRAVEL and/or the Defendant YOUNGE encompass activities which affect interstate or foreign commerce, 18 U.S.C.A. § 1962.

133. The aforesaid RICO statute provides a civil cause of action to any person injured by reason of enumerated statutory violations, and said parties are liable for treble damages and attorney's fees.

134. As a result of all of the foregoing the Plaintiffs are entitled to punitive damages in an amount to be determined at the trail of this matter.

135. As a result of all of the foregoing, the Plaintiffs are entitled to the actual value of the idea submitted to the Defendant TRAVEL and/or the Defendant YOUNGE as to be determined at the trial of this matter.

136. As a result of all of the foregoing the Plaintiffs have been damaged in a sum to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip".

## IX. As And For A Sixth Cause of Action As Against All Defendants For Copyright Infringement

137. The plaintiffs repeat and reallege each and every allegation herein above as if set forth hereinafter at length.

138. The Idea was wholly original and is copyrightable subject matter under the laws of the United States.

139. Plaintiffs have duly complied in all respects with the provisions of the Copyright Law of the United States, and has secured the exclusive rights and privileges in and to the Idea.

140. At all relevant times since its creation, the Plaintiffs have been, and are now, the sole proprietors of all rights, title, and interest in the copyright and the right to exploit the copyright

of the Idea.

141. Defendants have infringed on plaintiffs' aforesaid copyright by causing to produced a television show and/or cable television show and/or any created materials entitled "The Great American Road Trip" which is copied from and substantially similar to Plaintiffs' copyrighted work.

142. Defendants' infringing television show and/or cable television show and/or any created materials entitled "The Great American Road Trip" is clearly copied from Plaintiffs' Idea.

143. That Defendants, their officers, agents, servants, employees, attorneys and all parties in active concert or participation should be enjoined from infringing Plaintiffs' copyright, including but not limited to the production, manufacturing, vending, printing, distributing, selling, displaying, promoting, or advertising a television show and/or cable television show entitled "The Great American Road Trip" or other products incorporating the Idea or by causing and/or participating it's vending, distributing, offering for sale, selling, displaying, promoting, or advertising by others pursuant to 17 U.S.C. §502.

144. That Defendants are required to deliver up for destruction, all infringing copies of Plaintiffs' copyrighted Idea in their possession or under their control, whether in the form of television, cable, digital, written scripts, written promotions or any and all other products incorporating the infringement and to withdraw all advertising or promotional material bearing a copy of

such copyrighted material utilized in the production of the aforesaid show entitled "The Great American Road Trip".

145. That Defendants are required to pay Plaintiffs damages as Plaintiffs have sustained as a consequence of their infringement of Plaintiffs' copyrighted Idea, and to account for all gains, profits, and advantages derived by them from their infringements, including profits on all television programming and/or cable television programming which includes and/or embodies the copyrighted Idea, pursuant to 17 U.S.C. § 504.

## X. As And For A Seventh Cause of Action for A Declaratory Judgment Ordering, Adjudicating and Decreeing that the Plaintiffs Have A Screen Credit

146. On the basis of the foregoing, the Plaintiffs requests an order adjudicating and decreeing their right to have a screen credit as follows "Created By Christopher Cardillo, 5 Plus 7, Inc." in the television display, distribution and any and all showings of any and all shows entitled "The Great American Road Trip" which are based upon the Idea.

## XI. Demand For A Trial By Jury

147. Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues triable by jury.

**WHEREFORE,** Plaintiffs request the following relief:

## ON THE FIRST CAUSE OF ACTION:

As against the Defendant COX and the Defendant TRAVEL in a sum

to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip".

**ON THE SECOND CAUSE OF ACTION:**

As against the Defendants BBC in a sum to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip".

**ON THE THIRD CAUSE OF ACTION:**

As against all the Defendants in a sum to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip".

**ON THE FOURTH CAUSE OF ACTION:**

As against the Defendant TRAVEL and the Defendant YOUNGE in a sum to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show

entitled "The Great American Road Trip" and for punitive damages in a sum to be determined at the trial of this matter.

## ON THE FIFTH CAUSE OF ACTION:

As against all Defendants in a sum to be determined at the trial of this matter, but in no event less than the equal to earned compensation (present and/or future), royalties and other monetary rewards and benefits (all present and/or future) from the television show and/or cable television show entitled "The Great American Road Trip" and for punitive damages in a sum to be determined at the trial of this matter.

## ON THE SIXTH CAUSE OF ACTION:

As against all Defendants:

(a) That Defendants, their officers, agents, servants, employees, attorneys and all parties in active concert or participation with them be enjoined from infringing Plaintiffs' copyright, including but not limited to, manufacturing, vending, printing, distributing, selling, displaying, promoting, or advertising a television show and/or cable television show entitled "The Great American Road Trip" or other products incorporating the Idea or by causing and/or participating it's vending, distributing, offering for sale, selling, displaying, promoting, or advertising by others pursuant to 17 U.S.C. §502.

(b) That Defendants be required to deliver up for destruction, all infringing copies of Plaintiffs' copyrighted Idea in their possession or under their control, whether in the form of television,

cable, digital, written scripts, written promotions or any and all other products incorporating the infringement and to withdraw all advertising or promotional material bearing a copy of such copyrighted material utilized in the production of the aforesaid show entitle "The Great American Road Trip".

(c) That Defendants be required to pay Plaintiffs damages as Plaintiffs have sustained as a consequence of their infringement of Plaintiffs' copyrighted Idea, and to account for all gains, profits, and advantages derived by them from their infringements, including profits on all television programming and/or cable television programming which includes and/or embodies the copyrighted Idea, pursuant to 17 U.S.C. § 504, and

That Defendants be required to pay to Plaintiffs the costs of this action pursuant to 17 U.S.C. § 505, and that Plaintiffs have such other and further relief as the Court may deem just, proper and appropriate.

**ON THE SEVENTH CAUSE OF ACTION:**

For an order adjudicating and decreeing their right to have a screen credit as follows "Created By Christopher Cardillo, 5 Plus 7, Inc." in the television display, distribution and any and all showings of any and all shows entitled "The Great American Road Trip" which are based upon the Idea.

Dated: Brooklyn, New York

May 14, 2009

CARDILLO LAW, P.C.
Attorney for Plaintiffs
By: C. S. Cardillo, Esq. CC7769
2005 Stillwell Avenue
Brooklyn, NY 11223
T. 718-395-3188
F. 718-228-7700
E-mail: CardilloLaw@gmail.com

Exhibit "A"

# PRODUCER'S PASSPORT



Soundmouse launches!  This
web-based music cu... >> *More*

SUBMIT AN IDEA
MY IDEAS
GUIDELINES

| | | | | |
|---|---|---|---|---|
| SUBMIT MY IDEAS | POLICIES AND PROCEDURES | KEY DELIVERABLES | UPLOAD MY DELIVERABLES | FORMS AND TEMPLATES |

Home > Submit My Ideas > My Ideas

| | |
|---|---|
| Title | The American Family Cerdillo |
| Short Description | We follow a family of four (36 yo male attorney, 30 yo former high fashion model, and there two dynamic young girls 7 and 5) as they drive from NYC to the tip of South America in a Winnebago. The show focuses on the places they see, the people they meet, and the changes in who they are and in the family dynamic. |
| Company | 5 Plus 7, Inc. |
| Number of Episodes | 12 |
| Episode Length (minutes) | 60 |
| Estimated Budget | 2500 |
| Budget Comments | $5000 per episode for fuel, food, and crew. Additional expense for Winnebago can be financed and will remain the property of the Travel Channel. |
| Estimated Delivery Format | SD |
| HD Tier | |
| Co-Pro or Commission | Co-production |
| Production Timeline | Production would start June 2008 and run through September 2008. |
| Comments | I am hoping Travel Channel will use its expertise to make the most of this ground breaking idea. Combining our family with yours will result in a drama filled travel show for a large audience. |
| I have a video URL: | |
| I'm sending a tape | N |

PRINT

Vision Agreement    Privacy Policy    Copyright 2008 The Travel Channel, L.L.C.    Submission Release Agreement

4/8/2009 10:24 PM