UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
5 PLUS 7 Inc. and CHRISTOPHER CARDILLO :
a/k/a CS CARDILLO,                                         :    Case No. 09-CV-2255 (DLI)
                                                           :
                         Plaintiffs,                       :    *Electronically Filed*
                                                           :
            - against -                                    :
                                                           :
BRITISH BROADCASTING CORPORATION,                          :    ORAL ARGUMENT REQUESTED
BBC WORLDWIDE PRODUCTIONS, BBC                             :
WORLDWIDE AMERICAS, INC., NBC                              :
UNIVERSAL, INC., PATRICK YOUNGE,                           :
TRAVEL MEDIA INC. d/b/a THE TRAVEL                         :
CHANNEL and/or d/b/a                                       :
TRAVELCHANNEL.COM and COX                                  :
COMMUNICATIONS INC.,                                       :
                                                           :
                         Defendants.                       :
------------------------------------------------------------- x

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS

Defendants The British Broadcasting Corporation, BBC Worldwide Productions, LLC, BBC Worldwide Americas, Inc., and NBC Universal, Inc. (collectively, the "BBC/NBCU Defendants"), by their undersigned attorneys, Davis Wright Tremaine LLP, submit this reply memorandum in further support of their motion to dismiss the complaint.

Plaintiffs' untimely[1] and otherwise flawed[2] opposition to this motion is most notable for its concessions. Plaintiffs expressly concede that their claim for copyright infringement cannot

---

[1] The facts and circumstances surrounding the timing and service of plaintiffs' opposition are set forth in the accompanying affidavit of Elisa L. Miller, sworn to September 21, 2009 ("Miller Aff't").

[2] Plaintiffs failed to submit a memorandum of law as required by Local Rule 7.1(a); rather, the "opposition" consists of the affidavit of Christopher Cardillo ("Cardillo Aff't"), which includes case citations.

stand and withdraw that claim.[3] By their silence, plaintiffs also concede that their remaining claims against the BBC/NBCU Defendants for conversion, unjust enrichment, and negligence are pre-empted by the Copyright Act (*see* Init. Memo, pp. 15-19), and consequently fail as a matter of law.

We briefly demonstrate below that the arguments that plaintiffs do proffer cannot save their complaint against the BBC/NBCU Defendants from dismissal.

## ARGUMENT

*First*, plaintiffs mistakenly urge this court to draw a negative conclusion from the fact that defendants have not submitted affidavits or documents tending to disprove the facts alleged in the complaint. Cardillo Aff't, ¶¶ 3-7. Had defendants done so, that would have been impermissible under F. R. Civ. P., Rule 12(b)(6). *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) ("In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken").

The heading of the relevant section of the Cardillo Aff't is "The Defendants' Respective Motions to Dismiss Fails [sic] Under New York Law", but the paragraphs thereunder address and apply the Rule 56 summary judgment standard (¶¶ 8-10, 19, 19 [sic], 21-24, 27-28, 30-31, 38, 41). This is ***not*** a Rule 56 motion. Because defendants' motion is designed to test the *legal* sufficiency of the complaint (*De Jesus v. Sears Roebuck & Co., Inc.* 87 F. 3d 65, 69 (2d Cir.

---

[3] That withdrawal is clearly a tactical maneuver designed to avoid the imposition of an award of attorneys fees against plaintiffs. *See, e.g., TRF Music Inc. v. Alan ETT Music Group LLC.*, 06 Civ. 0349, 2006 U.S. Dist. LEXIS 30656 (S.D.N.Y. May 18, 2006) (citing *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598 (2001).

2

1996)), the factual allegations of it must be construed in favor of plaintiffs, and the truth or falsity of them is completely irrelevant.

*Second*, plaintiffs claim they need discovery before dismissal on such topics as the source and idea for the Program, the contracts between the BBC and NBCU for "the sale of the idea", and the current relationship between and among the defendants (Cardillo Aff't, ¶ 32), but for the self-same reason, that discovery is irrelevant on this motion. The fact is that no amount of discovery could cure the deficiencies here, because the complaint is *legally deficient*, *i.e.*, there is no set of facts under which plaintiffs could prevail.

*Third*, plaintiffs try to recast the claims pleaded (without seeking leave to amend or annexing a proposed pleading) into two vague categories: claims for implied contract, "transference" and use of their idea (*id.*, ¶ 10); and "additional claims … on the basis of conversion of the idea and unjust enrichment in regard to it's [sic] use" (*id.*, ¶ 11). The only references to the BBC/NBCU Defendants in either connection is the claim that they "were negligent in accepting an idea from defendant Young with knowledge that Dependant [sic] Young … had a website set up as a lure to bait ideas". *Id.*, ¶ 36.

No contract-based claim has been or could be pleaded against the BBC/NBCU defendants in the absence of privity or any facts which could conceivably be the predicate of any such claim. No claim for either "conversion of an idea" or "unjust enrichment" by use of that idea – both of which sound in misappropriation[4] – could be pleaded against these defendants

---

[4] To the extent that plaintiffs are now seeking leave to amend their complaint to assert a state-law misappropriation claim, in addition to failing to state a claim for the reasons discussed above, such a claim would be likewise pre-empted by the Copyright Act for the same reasons that the unfair competition and conversion claims are pre-empted. *See NBA v. Motorola*, 105 F.3d 841, 848-52 (2d Cir. 1997) (without "extra element" such as contract or "hot news", claim of misappropriation of an idea that is within the scope of copyright, even if not copyrightable, is preempted); *see also* Init. Memo, Point III).

because of the lack of any legal relationship whatsoever, explicit or implied, between them and plaintiffs. *See* Init. Memo, Point IV; *see also Oasis Music v. 900 U.S.A., Inc.* 161 Misc. 2d 627, 614 N.Y.S.2d 878 (Sup. Ct. N.Y. Co. 1994) ("For an idea to be susceptible to a claim of misappropriation, two elements must be established. First, a requisite legal relationship must exist between the parties, and second, the idea must be novel and concrete").[5] Correspondingly, the lack of any duty owing from the NBC/BBCU Defendants to plaintiffs defeats their negligence claim, because such a duty is both the necessary "extra element" that could save this copyright-equivalent claim from pre-emption (*see, e.g., Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 08 Civ. 01533, R&R (S.D.N.Y. June 26, 2009); Init. Memo, Point III); and a necessary element of a negligence claim (*Strauss v. Belle Realty Co.*, 65 N.Y.2d 399, 402 (1985); Init. Memo, Point IV).

*Fourth*, even if plaintiffs had a tort claim and it was not preempted, this Court has no jurisdiction to entertain it. The copyright claim was the sole basis for federal jurisdiction over claims against the BBC/NBCU Defendants and that claim has been withdrawn. Contrary to plaintiffs' claim (Cardillo Aff't, ¶ 42), complete diversity does not exist: <u>all</u> defendants and all plaintiffs must be diverse and they are not (Init. Memo, pp. 4-5). Their argument that the claims against the Travel Defendants could only be brought in federal court (Cardillo Aff't, ¶ 42) is also misplaced, as state and federal courts have concurrent jurisdiction over RICO claims. *Tafflin v. Levitt,* 493 U.S. 455 (1990). And even assuming, as plaintiffs claim (and contrary to sheer logic)

---

[5] As to the "novelty" requirement, plaintiffs' idea is not remotely novel as a matter of law. *See, e.g. Murray v. NBC*, 844 F.2d at 989, 991-992 (2d Cir. 1988) (plaintiff's idea for television sitcom about black American family life was not novel or original because it "merely combined two ideas which had been circulating in the industry for a number of years – namely, the family situation comedy, which was a standard formula, and the casting of black actors in non-stereotypical roles' even though 'the portrayal of a non-stereotypical black family on television was indeed a breakthrough").

4

that the BBC/NBCU Defendants are "necessary" or "indispensable parties" (Cardillo Aff't, ¶ 42), that would not cure the absence of subject matter jurisdiction.

Plaintiffs argue that because this Court has original jurisdiction over their RICO claim against the Travel Defendants, it can exercise supplemental jurisdiction over the BBC/NBCU Defendants under 28 U.S.C. §1367 (Cardillo Aff't, ¶ 43). But even assuming that claim survives the pending motion to dismiss (§1367(c)(3)), such jurisdiction exists only if the state law claim is "so related to claims in the action with such original jurisdiction that they form part of the same case or controversy" (§1367(a); Init. Memo, Point I, n. 5). Here, this court's ability to adjudicate any surviving RICO claim would be wholly unaffected by the dismissal of the negligence claim, because the BBC/NBCU Defendants are not alleged to have had any involvement in either the website or any other part of the underlying fraudulent scheme. *See, Id.*, p. 5 n.5.

DWT 13360095v3 0063094-000053

## CONCLUSION

For the foregoing reasons and as set forth in their initial moving papers, the BBC/NBCU Defendants respectfully request that the Court enter judgment dismissing the claims pleaded against them with prejudice, and grant such other and further relief as the Court may deem proper.

Dated: New York, New York
September 22, 2009

        Respectfully submitted,

        DAVIS WRIGHT TREMAINE LLP

        By: /s/ Marcia B. Paul
            Marcia B. Paul (MBP 8427)
            Elisa Miller (EM 1174)

        1633 Broadway, 27th floor
        New York, New York 10019
        (212) 489-8230
        marciapaul@dwt.com
        *Attorneys for British Broadcasting Corporation, BBC Worldwide Productions, LLC, BBC Worldwide Americas, Inc. and NBC Universal, Inc.*

## CERTIFICATE OF SERVICE

I, Elisa Miller, hereby certify that on September 22, 2009, true and correct copies of the foregoing Reply Memorandum of Law in Support of the BBC/NBCU Defendants Motion to Dismiss, and the Affidavit of Elisa Miller and attached exhibit were served by ECF and regular mail upon:

Christopher Cardillo
2005 Stillwell Avenue
Brooklyn, NY 11223
(718) 395-2188
*Attorney for Plaintiffs*

and

Savalle Sims
Arent Fox LLP
1050 Connecticut Ave., NW
Washington, DC 20036
(202) 857-8948

*Attorneys for Defendants Cox Communications; Travel Channel; and Patrick Younge*

Elisa L. Miller