


**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

5 PLUS 7, Inc. and CHRISTOPHER CARDILLO a/k/a CS CARDILLO,

        Plaintiffs,

-against-

BRITISH BROADCASTING CORPORATION, BBC WORLDWIDE PRODUCTIONS, BBC WORLDWIDE AMERICAS, INC., NBC UNIVERSAL INC., PATRICK YOUNGE, TRAVEL MEDIA INC. d/b/a THE TRAVEL CHANNEL and/or d/b/a TRAVEL CHANNEL.COM and COX COMMUNICATIONS, INC.,

        Defendants.

---

Date of Service: September 22, 2009

Case No. 09-CV-2255 (DLI) (JO)

***ELECTRONICALLY FILED***

ORAL ARGUMENT REQUESTED

---

**REPLY MEMORANDUM IN SUPPORT OF TRAVEL MEDIA INC.'S AND PATRICK YOUNGE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

 

ARENT FOX LLP
Savalle C. Sims, Esq. (SS 4191)
Leah C. Montesano, Esq. (LM 8565)
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone: (202) 857-6000
Facsimile:  (202) 857-6395

-and-

David N. Wynn, Esq. (DW 8660)
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile:  (212) 484-3990
Anthony V. Lupo, Esq.

*Attorneys for Defendant Travel Media, Inc. and Patrick Younge*

The "Affidavit in Opposition"[1] filed by Plaintiffs Christopher Cardillo, an attorney and "a member of the bar of this Court," and his purported production company 5 Plus 7, Inc. highlights the utter frivolity of their Complaint. As this Court is aware, the plaintiffs initiated this action largely on the theory that Defendants Cox TMI, Inc.'s f/k/a Travel Media Inc. (the "Travel Channel")[2] and Patrick Younge ("Mr. Younge") (collectively referred to as "Travel") violated their copyright rights in connection with a *two-sentence* "idea" for a travelogue television program entitled "The American Family Cardillo." Evidently recognizing the frivolity of their copyright infringement claim, the plaintiffs have withdrawn it. However, they took this step only *after* forcing five defendants in this matter to spend significant time and expense in moving to dismiss their Complaint.

In an attempt to save his lawsuit from complete dismissal, the plaintiffs now claim that the "gravamen of [their] claims" is based upon the purported existence of an implied contract. Indeed, they inexplicably and blithely assert that the submission of their two-sentence "idea" creates an implied contract. The plaintiffs do so despite the existence of an unambiguous, express, written Submission Release Agreement that controverts all of their claims. Evidently, the plaintiffs have chosen to ignore the Submission Release Agreement as they fail to acknowledge its existence in their opposition. Nonetheless, the Submission Release Agreement makes it clear that there is no agreement implied or otherwise as a result of the plaintiff's two-sentence submission.

---

[1] The notarized Certificate of Service appended to Christopher Cardillo's Affidavit in Opposition indicates that Christopher Cardillo's Affidavit in Opposition was served by regular USPS mail on several recipients including "Arent Fox LLP[,] 1050 Connecticut Avenue NW[,] Washington, DC 20036" on September 8, 2009. The envelope containing the Affidavit in Opposition, however, is postmarked September 11, 2009 and the Affidavit in Opposition was filed electronically on September 13, 2009. Sims Reply Decl. attached as Reply Exhibit 1.

[2] The Plaintiffs have named Travel Media Inc. as a defendant in this action. The correct corporate name for Travel Media Inc. is Cox TMI, Inc.

1

Ultimately, the plaintiffs' opposition makes clear that there is no basis in fact or law for their remaining claims. Accordingly, the plaintiffs' Complaint should be dismissed in its entirety.

**ARGUMENT**

**I.    CARDILLO MISSTATES THE STANDARD OF REVIEW FOR TRAVEL'S MOTION TO DISMISS**

In a thinly veiled attempt to obfuscate the relevant issues before this Court, Plaintiffs Christopher Cardillo a/k/a CS Cardillo ("C.S. Cardillo") and 5 Plus 7, Inc. (collectively referred to as "Cardillo") assert that this Court should review Travel's *motion to dismiss* pursuant to the Federal Rule of Civil Procedure's standard for summary judgment. In support of his contention, Cardillo insists that Travel should have supplied this Court with factually ridden affidavits and/ or other purportedly relevant documents in support of a *motion to dismiss*. Cardillo is wrong.

C.S. Cardillo, a "member of the bar of this Court," is fully aware that affidavits of the sort he describes are not appropriately filed at this stage of the proceedings. As a member of this Court, C.S. Cardillo must also fully appreciate the difference between a motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 and a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court cannot consider documents or information contained in Travel's motion to dismiss papers unless Cardillo referred to or has knowledge or possession of the material and relied upon it in framing his Complaint. *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003). Travel appended all such relevant, appropriate documents to the affidavit filed in support of its initial Memorandum of Law.

Cardillo's equally misplaced contention that the Court should permit discovery before dismissing his claims should also be rejected. Despite Cardillo's suggestion to the contrary,

discovery in this case is wholly unnecessary. Assuming all allegations set forth in the Complaint are true, as we must for purposes of a motion to dismiss, Cardillo's claims must nonetheless be dismissed as a matter of law. No amount of discovery will change that result. Accordingly, Cardillo's Complaint should be dismissed with prejudice.

**II.    NO IMPLIED CONTRACT EXISTS BETWEEN THE PARTIES, THUS CARDILLO'S BREACH OF CONTRACT CLAIM CANNOT STAND.**

Cardillo's opposition to the motions to dismiss is based upon the untenable premise that an implied contract exists between Cardillo and the Travel Channel for payment for Cardillo's idea by virtue of Cardillo's *two-sentence* submission to the Travel Channel's website. Cardillo Aff., ¶ 10 (sic). As discussed in Travel's initial Memorandum of Law, the only contract that exists between Travel and Cardillo is the Submission Release Agreement on the Travel Channel's website. That agreement —the Submission Release Agreement—makes clear that there is no contract, implied or otherwise, created by Cardillo's two-sentence submission.

The undisputed record establishes that the Travel Channel made it clear to Cardillo and other members of the public that submitting an idea to the Travel Channel would not create an implied contract entitling them to compensation. Indeed, before submitting his idea to the Travel Channel, Cardillo acknowledged and agreed, among other things: (i) that any consideration of his submission does not create a confidential relationship between Cardillo and Travel; (ii) that no contract or obligation of any kind is assumed by Travel or may be implied against Travel by reason of Travel's review of the submission and/or any discussions or negotiations Travel may have concerning the submission; (iii) that neither the submission material nor Travel's review of the submission constitutes or creates an implied-in-fact or implied-in-law contract, even if there exists an industry custom to the contrary; (iv) that he would renounce any claim that Travel misappropriated any ideas or portions of the submission in

3

any future Travel programs or activities; and (v) that entitlement to any compensation is subject to the parties entering into a written contract (separate from the Submission Release Agreement) signed by both parties related to Travel's use of the Submission.  *See* Sims initial Memorandum of Law Decl., at Ex. 2.   Cardillo is bound by the terms of the Submission Release Agreement as a matter of law.  *See Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 402 (2d Cir. 2004) (defendant contractually bound by website's restrictions and terms of use).

Because no contract exists between the Travel Channel and Cardillo aside from the Submission Release Agreement, and because the Submission Release Agreement expressly disclaims the existence of any other contact absent the existence of a separate written agreement, Cardillo's alleged breach of contract claim must fail.  Accordingly, it should be dismissed.

### III.   CARDILLO'S UNJUST ENRICHMENT, CONVERSION, AND FRAUD CLAIMS ARE LEGALLY DEFICIENT AND PREEMPTED, AND THUS SHOULD BE DISMISSED.

Evidently conceding that his claim for federal copyright infringement is baseless, Cardillo has withdrawn the claim.[3]  Cardillo Aff., ¶ 12.  As discussed in Travel's initial

---

[3]   To the extent that Cardillo now attempts to improperly transmute his copyright infringement claim into a state law misappropriation claim, his attempts should be rejected. First, Cardillo's Complaint does not assert a state law claim for misappropriation.  Second, assuming that Cardillo had alleged a state law misappropriation claim, it cannot survive.  By agreeing to the Submission Release Agreement, Cardillo ***expressly renounced*** any claim against Travel for misappropriation in connection with his two-sentence submission in the absence of an executed written agreement between the parties.  More importantly, non-novel ideas such as Cardillo's two-sentence submission do not constitute property under New York law and cannot form the basis for a cause of action based on unauthorized use.  *See Murray v. Nat'l Broad. Co.*, 844 F.2d 988, 994 (2d Cir. 1988) (affirming dismissal of claims for breach of implied contract, misappropriation, conversion, and unjust enrichment that were premised on the unauthorized use of a non-novel idea for a television show).  Here, Cardillo's "idea"- a family traveling in an R.V.- is nothing more than a variation of a basic theme—a travelogue—that was already at play in the industry.  *See* initial Memorandum of Law at n.2.  Ideas of this type are not novel and are protected under New York law.  *See e.g., Nadel v. Play by Play Toys & Novelties, Inc.*, 34 F. Supp. 2d 180, 185 (S.D.N.Y. 1999) (plaintiff's idea for a toy not novel because it is based on combining elements of two other commercially available products); *Am. Bus. Training, Inc. v. Am. Mgmt. Ass'n*, 50 A.D.3d 219, 223-24, 851 N.Y.S.2d 491, 494 (N.Y.A.D. 2008) (plaintiff's

4

Memorandum of Law, Cardillo's remaining state law claims of unjust enrichment, conversion and fraud are legally deficient and should be dismissed.  Those claims, moreover, are preempted by the Copyright Act, which preempts rights equivalent to those protected by the Act even when copyright infringement has not occurred.  *Am. Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926, 933-34 (S.D.N.Y. 1996) (state claims such as claims for unjust enrichment under state law deriving from unauthorized use of material are preempted by copyright law); (*See also, e.g.*, initial Memorandum of Law at 15.)  Accordingly, Cardillo's state claims for unjust enrichment, conversion, and fraud are preempted and should be dismissed.

## CONCLUSION

The Travel Channel, like most television networks, is faced with a steady stream of individuals who wish to pitch new show ideas.  The Travel Channel has undertaken substantial efforts to inform those properly submitting ideas of the terms and conditions surrounding their submissions.

Despite all these precautions and efforts to clearly communicate its policies to members of the public such as Cardillo, the Travel Channel has now been forced to defend a federal court action based solely upon Cardillo's submission of a two-sentence idea for a travelogue television show starring his family.  Cardillo chose to submit this idea in spite of, and in direct contravention of, Travel Channel's clearly stated policies.  He also chose to submit his idea under the terms of Travel Channel's Submission Release Agreement which he was required to read and accept before typing his two sentences into the Travel Channel's producer web portal. While this claim would be frivolous even if Travel Channel was developing a show arguably based upon Cardillo's idea, it is made particularly so by the fact that Cardillo's Complaint rests

---

idea for a "Five Day MBA" program not novel where other seminar developers had created similar five-day and twenty-day courses).

5

upon a show that is being developed by a completely different network and with which Travel Channel has no involvement whatsoever.

Accordingly, for all of the foregoing reasons and the reasons identified in Travel's initial Memorandum of Law, Travel Media Inc. and Patrick Younge respectfully request that the Court enter judgment dismissing the claims pleaded against them with prejudice; and granting such other and further relief as the Court may deem proper.

Respectfully submitted,

ARENT FOX LLP

By:   /s/ Savalle C. Sims
    Savalle C. Sims (SS 4191)
    Leah C. Montesano (LM 8586)
    ARENT FOX LLP
    1050 Connecticut Avenue, N.W.
    Washington, DC 20036
    Telephone:  (202) 857-6000
    Facsimile:  (202) 857-6395
    E-Mail:  sims.savalle@arentfox.com
    E-Mail:  montesano.leah@arentfox.com

    David N. Wynn (DW 8660)
    ARENT FOX LLP
    1675 Broadway
    New York, New York 10019
    Telephone:  (212) 484-3900
    Facsimile:  (212) 484-3990
    E-Mail:  wynn.david@arentfox.com

    <u>Of Counsel</u>
    Anthony V. Lupo, Esq.
    ARENT FOX LLP
    1050 Connecticut Avenue, N.W.
    Washington, DC 20036
    Telephone:  (202) 857-6000
    Facsimile:  (202) 857-6395

    *Attorneys for Defendant Travel Media, Inc. and Patrick Younge*