UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
5 PLUS 7, Inc. and CHRISTOPHER  :
CARDILLO a/k/a CS CARDILLO,     :
                                :
                  Plaintiffs,   :     **MEMORANDUM AND ORDER**
                                :     09-CV-2255 (DLI) (JO)
        -against-               :
                                :
BRITISH BROADCASTING            :
CORPORATION, BBC WORLDWIDE      :
PRODUCTIONS, BBC WORLDWIDE      :
AMERICAS, INC. NBC UNIVERSAL, INC., :
PATRICK YOUNGE, TRAVEL MEDIA INC. :
D/B/A THE TRAVEL CHANNEL AND/OR :
D/B/A TRAVELCHANNEL.COM AND COX :
COMMUNICATIONS INC.,            :
                                :
                  Defendants.   :
------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs 5 Plus 7, Inc. and Christopher Cardillo brought an action against British Broadcasting Corporation, BBC Worldwide Productions, BBC Worldwide Americas, Inc. (collectively the "BBC Defendants"), NBC Universal, Inc. ("NBCU"), Patrick Younge, Travel Media Inc. d/b/a The Travel Channel and/or d/b/a travelchannel.com ("Travel") and Cox Communications Inc. ("Cox"), alleging that defendants used plaintiffs' idea to create a television show without providing any credit or monetary compensation to plaintiffs. The defendants have moved pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint. For the reasons set forth below, defendants' motions to dismiss are granted.

**BACKGROUND**

Plaintiffs allege that Travel maintained a website for the purpose of soliciting ideas for television shows from the general public. (Compl. ¶¶ 29, 31.) On or about March 18, 2008,

plaintiffs submitted through the Travel's website the following idea for a television show entitled "The American Family Cardillo":

> We follow a family of four (36 yo male attorney, 30 yo former high fashion model, and there [sic] two dynamic young girls 7 and 5) as they drive from NYC to the tip of South America in a Winnebago. The show focuses on the places they see, the people they meet, and the changes in who they and the family dynamic.

(Compl. ¶ 37 & Ex. A.)

Plaintiffs allege that Travel and Younge, an employee of Travel, disclosed plaintiffs' idea to the BBC Defendants, who used the idea to produce a television show called "The Great American Road Trip." (Compl. ¶¶ 22, 65.) The BBC Defendants explain that The Great American Road Trip is a "reality competition that follows seven families, each from a different part of the country," as they compete against each other for a $100,000 prize. (BBC Def. Mot to Dismiss, at 2.) Plaintiffs allege that the BBC Defendants sold their idea to NBCU, which will broadcast the show. (Compl. ¶¶ 63, 71.) Plaintiffs further allege that Travel is the wholly-owned subsidiary of Cox. (Compl. ¶ 17.)

Based on these allegations, plaintiffs assert the following claims: (1) Breach of Contract against Cox and Travell; (2) Negligence against the BBC Defendants; (3) Conversion and Unjust Enrichment against all defendants; (4) Common Law Fraud against Travel and Younge; (5) Wire Fraud and RICO against Travel and Younge; and (6) Copyright Infringement against all defendants.[1]

## DISCUSSION

### A.   Standard of Review

To determine whether dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate, "a court must accept as true all [factual] allegations contained in a

---

[1] Plaintiffs also seek a declaratory judgment, and title this request as a seventh cause of action.

complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.*  Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 1950 (citations and internal quotations omitted).

### B. Plaintiff's Copyright Claim is Dismissed With Prejudice

Defendants argue that plaintiffs' failure to register their idea is fatal to their copyright claim.  In response, plaintiffs withdrew the copyright claim.  (Cardillo Aff. ¶ 12.)  The copyright claim therefore is dismissed.

### C. Plaintiffs' RICO Claim is Dismissed With Prejudice

Plaintiffs assert a RICO claim against Cox and Younge.  To state a RICO claim under 18 U.S.C. § 1962(c), plaintiffs must allege facts that show that Cox and Younge were engaged in the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc*., 385 F.3d 159, 173 (2d Cir. 2004).  Plaintiffs' allegations fail to state a claim for several reasons.

Plaintiffs fail to allege the existence of a RICO enterprise.  An "enterprise" is defined to "'include any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Bankers Trust Co. v. Rhoades*, 741 F.2d 511, 515 (2d Cir. 1984) (quoting 18 U.S.C. § 1961(4)).  The Supreme

Court has explained that a RICO enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct," the existence of which is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). "The enterprise must be separate from the pattern of racketeering activity, and distinct from the person conducting the affairs of the enterprise." *First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 174-75 (2d Cir. 2004) (citations omitted). Furthermore, "the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." *Id.* (citations and quotation marks omitted). Although a RICO enterprise need not have a formal hierarchy, plaintiffs must provide information regarding the "'hierarchy, organization, and activities' of this alleged association-in-fact enterprise, from which we could fairly conclude that its 'members functioned as a unit.'" *Id.*; *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 475 (E.D.N.Y. 2007) (complaint contained virtually no allegations regarding the organization, membership, purpose, and structure of the enterprise).

Here, plaintiffs allege merely that Travel and Younge engaged in a pattern of racketeering activity and "voluntarily and intentionally devised or participated in [a] scheme to defraud persons . . . ." (Compl. ¶¶ 127, 130.) Plaintiffs have failed to provide any evidence of "ongoing organization, formal or informal" or any evidence that the individuals of the supposed enterprise functioned as "a continuing unit." Plaintiffs have also failed to provide any allegations regarding the "hierarchy, organization, and activities" of this alleged association-in-fact enterprise from which we could fairly conclude that its members functioned as a unit.

4

Therefore, there is no basis to support the allegation that the individuals were "associated together for a common purpose of engaging in a course of conduct."

Plaintiffs also fail to properly allege that the individual defendants participated in the operation or management of the alleged RICO enterprise. "For RICO purposes, simply establishing the presence of an enterprise is not enough." *First Capital Asset Mgmt.*, 385 F.3d at 176. Plaintiffs must also allege that defendants "conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c); *see also Reves v. Ernst & Young*, 507 U.S. 170, 177-79 (1993). Therefore, "one is liable under RICO only if he participated in the operation or management of the enterprise itself." *First Capital Asset Mgmt.*, 385 F.3d at 176 (citation and quotation marks omitted). Although the Second Circuit has described the "operation or management" test as establishing a "relatively low hurdle" at the pleading stage, "the RICO defendant must have played 'some part in directing the enterprise's affairs.'" *Id.* (citation omitted). In this case, plaintiffs have not alleged any facts that would demonstrate that any defendants participated in the operation or management of the alleged enterprise.

Plaintiffs also fail to show a "pattern of racketeering activity." *First Capital*, 385 F.3d at 178. A "pattern of racketeering activity consists of at least two [predicate] acts of racketeering activity committed in a ten-year period, which amount to or pose a threat of continued activity." *Id.* (citations omitted); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). The only event plaintiffs allege in their complaint is that they submitted an idea for a television show, and the defendants created a television show based on the idea without providing plaintiffs with any credit. (*See* Compl. ¶¶ 37-45.) This single act is insufficient by itself and it also fails to demonstrate the threat of continued activity.

5

In sum, the court finds that plaintiffs RICO claim falls far short of alleging a plausible RICO claim. Plaintiffs' RICO claim is therefore dismissed.

**D.     Plaintiffs State Law Claims are Dismissed**

Defendants also contend that the court should dismiss plaintiffs' state law claims. Plaintiffs argue that the court can exercise jurisdiction over the claims through diversity jurisdiction or supplemental jurisdiction. (Cardillo Aff. ¶¶ 42-44.) Neither is proper here.

Plaintiffs fail to meet their burden of demonstrating that the grounds for diversity exist and that diversity is complete. Defendant BBCWA's principal place of business is New York, (Paul Aff. ¶ 3, Ex. A), and plaintiff Cardillo is alleged to be a citizen of New York, (Compl. ¶ 2). Therefore, complete diversity is lacking. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005).[2]

Moreover, the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Kolari v. New York-Presbyterian Hospital*, 455 F.3d 118, 122 (2d Cir. 2006). In light of the dismissal of all federal claims in this action at the pleadings stage, and upon consideration of all relevant factors, *i.e.*, judicial economy, convenience, fairness and comity, *see Kolari*, 455 F.3d at

---

[2] Plaintiffs also allege that the claims "based upon New York State Law" against Travel and Younge can only be brought in federal court, and that the remaining parties are necessary parties. However, plaintiffs have provided no basis for this assertion. Both the state law claims and the RICO claim can properly be brought in state court. *See Tafflin v. Levitt*, 493 U.S. 455 (1990) (state and federal courts have concurrent jurisdiction over RICO claims).

122, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining pendant state law claims. Accordingly, plaintiffs' claims are dismissed.[3]

### E. Plaintiffs' Claims are Dismissed With Prejudice

"[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). If repleading would be futile, courts should refrain from granting leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend). Moreover, "an amendment is not warranted 'absent some indication as to what appellants might add to their complaint in order to make it viable.'" *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) (citation omitted). Therefore, where a plaintiff fails to request leave to replead, a district court does not abuse its discretion by failing to *sua sponte* grant leave to amend. *American Express Co. Shareholder Litig. v. Robinson*, 39 F.3d 395, 402 (2d Cir.1994); *see also Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999).

Plaintiffs have failed to seek leave to amend or offer any indication of what they would add to an amended complaint. The court finds that repleading would not change the fundamental deficiencies in plaintiffs' complaint, and that amendment would be futile. The court must conserve its time and resources, which are more properly devoted to legitimate litigants and their claims. Accordingly, plaintiffs' claims are dismissed with prejudice.

### F. Defendants' Request for Attorneys Fees is Denied Without Prejudice

Defendants also move for an award of attorneys' fees pursuant to 17 U.S.C. § 505, which provides that a court may award attorneys' fees to a prevailing party in a copyright action. However, plaintiffs have failed to inform the court of the amount they request or present any

---

[3] Because the court is dismissing the complaint for the reasons stated above, the court will not address the additional arguments defendants assert in their briefs.

7

evidence concerning attorneys' fees. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (finding that all requests for attorneys' fees in this Circuit must be accompanied by contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done"). Therefore, defendants' request is denied without prejudice to renew the request before U. S. Magistrate Judge James Orenstein.

## CONCLUSION

Defendants' motions to dismiss are granted, and plaintiffs' claims are dismissed with prejudice. Defendants' application for the award of attorney's fees is denied without prejudice to renew the request before U. S. Magistrate Judge James Orenstein.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2010

/s/
DORA L. IRIZARRY
United States District Judge